O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD SPENCER,<br><br>　　　　　　Plaintiff,<br>　　v.<br>UNITED STATES OFFICE OF PERSONNEL MANAGEMENT,<br><br>　　　　　　Defendant. | Case No. 2:11-cv-10560-ODW(AGRx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [17]** |

## I.  INTRODUCTION

Before the Court is Plaintiff Ronald Spencer's Motion for Summary Judgment. (ECF No. 17.)  Defendant United State Office of Personnel Management ("Defendant" or "OPM") filed an Opposition on May 14, 2012.[1]  (ECF No. 25.) Having carefully considered the papers filed in support of and in opposition to Plaintiff's Motion, the Court deems the matter appropriate for decision without oral

---

[1] As of the date of this Order, Plaintiff has not filed a reply memorandum, nor any other filing that could be construed as a request for a continuance.  Central District of California Local Rule 7-10 allows a moving party to file a reply memorandum at least 14 days prior to the noticed hearing date. Additionally, Local Rule 7-12 provides that "[t]he Court may decline to consider any memorandum or other paper not filed within the deadline set by order or local rule."  Plaintiff noticed his Motion for June 4, 2012.  Plaintiff's reply was therefore due no later than May 21, 2012.  Because the Court did not receive Plaintiff's reply by May 21, 2012, the Court declines to consider any later-filed reply.

1  argument. *See* Fed. R. Civ. P. 78; C. D. Cal. L. R. 7-15.  For the reasons discussed
2  below, Plaintiff's Motion is **DENIED**.

## II.  FACTUAL BACKGROUND

Plaintiff is a recently retired civil service employee who was a subscriber to the Blue Shield of California Health Plan (the "Plan") under the Federal Employee Health Benefits Act ("FEHBA").  (App. of Adverse Benefit Determination Under FEHBA ("App.") ¶ 3.)  On December 29, 2011, Plaintiff filed this Appeal of Adverse Benefit Determination against Defendant to appeal Defendant's December 20, 2010 decision directing the Plan to approve one psychotherapy session per week for the period of April 10, 2010, through December 31, 2010, rather than Plaintiff's requested three sessions per week

In 2002, Plaintiff began receiving psychotherapy services from Kathleen Gates, Ph.D., a licensed psychologist and a Preferred Provider under the Plan.  (Administrative Record "AR" A0007, A0046.)  From 2002 to June 2009, Plaintiff visited Dr. Gates for therapy sessions three times per week.  (AR A0007.)  Following a peer-to-peer review of Plaintiff's case between Dr. Gates and a Plan Medical Director in mid-2009, the Plan advised Plaintiff and Dr. Gates that it no longer deemed three sessions per week medically necessary under the Plan and reduced the frequency of Plaintiff's sessions with Dr. Gates to one session per week from May 6, 2009, through December 31, 2009.  (AR A0007–08.)  Upon Plaintiff's request for reconsideration of this decision, the Plan declined to reconsider its denial of Plaintiff's request for three sessions per week; nevertheless, the Plan agreed to increase the frequency of Plaintiff's therapy sessions from one to two sessions per week through December 31, 2009.  (AR A0012–17, A0019.)

In January 2010, Dr. Gates contacted the Blue Shield of California Mental Health Service Administrator to obtain prior approval for outpatient psychotherapy visits for 2010, as she was required to do by the Plan.  (AR B0047.)  On April 15, 2010, the Plan again conducted a peer-to-peer review between Dr. Gates and a

Medical Director to determine the medical necessity of three sessions per week. (*Id.*) By letter dated April 16, 2010, the Plan advised Plaintiff that it was unable to approve the requests for outpatient psychotherapy services by Dr. Gates because the Plan did not deem such services medically necessary. (AR B0011.)

On June 16, 2010, Plaintiff wrote the Plan to appeal its April 16, 2010 decision and request "approval of the two visits per week affirmed by the OPM with [his] doctor." (AR B0016.) On August 24, 2010, the Plan advised Plaintiff that it would not approve three psychotherapy sessions per week and that additional psychotherapy services were not deemed medically necessary. (AR B0018.)

On September 5, 2010, Plaintiff appealed the Plan's decision to Defendant. (AR B0001–21.) On December 20, 2010, following a medical review by a Board Certified Psychiatrist, Defendant issued its final decision affirming the Plan's determination that three psychotherapy sessions per week were not medically necessary. (AR B0338.) Defendant did find, however, that one session per week from April 10, 2010, through December 31, 2010, was clinically appropriate to treat Plaintiff's condition. (*Id.*) Accordingly, Defendant issued a directive ordering the Plan to provide Plaintiff with one psychotherapy session per week during this period. (AR B0340–41.)

Plaintiff's Motion indicates that he switched to another insurer for coverage throughout 2011. (Mot. 4.) Plaintiff contends that this insurer found Plaintiff's visits were medically necessary, but in 2012 the new insurer withdrew from FEHBA. (*Id.*) As a result, Plaintiff switched back to the Plan. (*Id.*)

Plaintiff further avers that during the first week of January 2012, he called the Plan for preauthorization of mental health benefits; Plaintiff was informed that preauthorization was no longer necessary and that all disbursements of mental health benefits are made upon a finding of medical necessity. (*Id.*) In conjunction with this telephone conversation, Plaintiff uses several Explanation of Benefits ("EOBs") depicting payments disbursed on March 27, 2012, for three psychotherapy visits per

week from January through March 2012 to conclude that the Plan now capitulates his three visits per week are medically necessary. (*Id.*; *id.* Ex. 1.) Plaintiff further maintains that "[b]ecause no further records were demanded from Plaintiff, the medical necessity determination was made upon the records at issue in this case, the very same records used to deny medical necessity." (*Id.*) Plaintiff now moves for summary judgment "based on this admission by the insurer and asks the Court to order the OPM to pay Plaintiff's doctor for the 72 visits denied in 2010 based upon a false assertion of lack of medical necessity." (*Id.*)

### III.   LEGAL STANDARD

Summary judgment is appropriate when, after adequate discovery, the evidence demonstrates that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1968). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.* Evidence the Court may consider includes the pleadings, discovery and disclosure materials, and any affidavits on file. Fed. R. Civ. P. 56(c)(2). The evidence presented by the parties on summary judgment must be admissible. *See* Fed. R. Civ. P. 56(e). Where the moving party's version of events differs from the nonmoving party's version, "courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." *Scott v. Harris*, 550 U.S. 372, 378 (2007) (internal quotation marks omitted).

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The moving party may satisfy that burden by demonstrating to the court that "there there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and identify specific facts that show a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Celotex*, 477 U.S. at 323–34; *Liberty Lobby*, 477 U.S. at 248.  Only genuine disputes over facts that might affect the outcome of the suit will properly preclude the entry of summary judgment.  *Anderson*, 477 U.S. at 248; *see also Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001) (finding that the non-moving party must present specific evidence from which a reasonable jury could return a verdict in its favor).

Here, the Court finds that Plaintiff has failed to meet his burden on summary judgment.  Accordingly, the burden does not shift to Defendant, and the Court does not consider whether Defendant has adequately raised a triable issue of material fact.

## IV.  DISCUSSION

Defendant argues Plaintiff's Motion should be denied for failure to comply with the applicable local rules and because Plaintiff has presented no admissible evidence in support of his claims.  The Court agrees and will address each contention in turn.

### A. Plaintiff's Non-Compliance with the Central District of California Local Rules

Defendant argues first that Plaintiff's Motion should be denied for Plaintiff's failure (1) to meet and confer prior to filing his Motion in violation Central District of California Local Rules 7-3; and (2) to lodge a Statement of Uncontroverted Facts and a Proposed Judgment as required by Local Rule 56-1.  Local Rule 7-3 provides that "[i]n all cases not listed as exempt in L.R. 16-12, . . . counsel[2] contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."

---

[2] Local Rule 1-3 establishes that the Local Rules apply with equal force to litigants represented by attorneys and to litigants appearing in pro se; thus, "any reference in [the] rules to . . . 'counsel' applies to parties *pro se* unless the context requires otherwise."

Local Rule 16-12(c), however, exempts "[a]ny case in which the plaintiff is appearing pro se." Therefore, Plaintiff's failure to meet and confer prior to filing his Motion for Summary Judgment is not grounds for denial of Plaintiff's Motion.

Local Rule 56-1 requires a party filing a motion for summary judgment to lodge a proposed "Statement of Uncontroverted Facts and Conclusions of Law" and a proposed judgment. Plaintiff here has lodged neither. Plaintiff's Motion is therefore dismissible on procedural grounds for Plaintiff's failure to comply with the Local Rules. Nevertheless, the Court proceeds to consider the merits of Plaintiff's Motion.

**B.     Plaintiff Has Presented No Admissible Evidence in Support of His Claims**

Defendant contends next that Plaintiff's Motion must be denied because Plaintiff has presented no admissible evidence in support of his Motion. Defendant is correct.

The OPM's decisions on disputed claims are reviewable under the Administrative Procedures Act ("APA"). *Golinski v. U.S. Office of Personnel Mgmt.*, 781 F. Supp. 2d 967, 973 n.1 (N.D. Cal. 2011) (citing 5 U.S.C. § 8912). Under the APA, action by the OPM will not be set aside unless its decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). In applying this standard, this Court's focal point "should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *see also* 5 C.F.R. § 890.107(d)(3) (judicial review of OPM's final action on the denial of a health benefits claim limited to the record that was before OPM when it rendered its decision affirming the carrier's denial of benefits).

Plaintiff supports his Motion with several EOBs reflecting payment for psychotherapy sessions thrice weekly from January 4, 2012, through March 14, 2012. Plaintiff contends that because the Plan requested no additional records from Plaintiff prior to issuing these payments, the Plan must have made its determination of medical necessity based on the same records before it in 2010. Aside from the logical

presumption that the Plan must have reviewed at least the claims Dr. Gates submitted for reimbursement for dates of service between January 4 and March 14, 2012, Plaintiff's EOBs (and any implications flowing therefrom) are inapposite to Plaintiff's Motion for the simple reason that these EOBs were not before the OPM when it made its 2010 determination of medical necessity. Because the EOBs were not before the OPM in 2010, they are irrelevant and therefore inadmissible to establish an absence of a material issue of fact on summary judgment. *See* Fed. R. Evid. 401.

In addition, Plaintiff's theory is entirely dependent upon the unnamed Plan representative's alleged statement over the telephone that disbursement of mental health benefits is made solely on the basis of medical necessity. Because Plaintiff offers the representative's statement for the purpose of establishing the truth of that assertion, the representative's statement is inadmissible hearsay. Fed. R. Evid. 801(a). Plaintiff does not direct the Court to any exception he contends may apply to bar application of the hearsay rule here, and the Court has found none. Therefore, even if the EOBs were admissible, Plaintiff fails to demonstrate their connection to a determination of medical necessity. Consequently, Plaintiff has not met his burden of establishing the absence of a genuine issue of material fact by admissible evidence. Plaintiff's Motion is therefore **DENIED**.

## V. CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

May 22, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**